## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER MACK,         ) | |
|          ) | |
|          Plaintiff,       ) | |
|          ) | |
| vs.          ) | Case No. 07-2118-JAR |
|          ) | |
| HAWKER BEECHCRAFT CORP.,   ) | |
|          ) | |
|          Defendant.      ) | |
| _____ ) | |

## MEMORANDUM AND ORDER
## GRANTING IN PART DEFENDANT'S MOTION TO TRANSFER

This matter comes before the Court on defendant Hawker Beechcraft Corp.'s Motion to Designate Wichita As the Place of Docketing Maintenance, and Trial (Doc. 9).  Plaintiff filed this case in the Kansas City division of this district, demanded a jury trial and designated Kansas City, Kansas for place of trial.[1]  Defendant filed a Designation of Place of Trial (Doc.6) for Wichita to be the place of trial.  In its Designation, defendant not only requests that this Court transfer the case to Wichita for trial, but also for "docketing" and "maintenance."

First, in this age of electronic case filing, it is largely irrelevant where a case is docketed. Whether a docket clerk sitting at a desk in Wichita dockets the parties' pleadings, or a docket clerk in Kansas City or Topeka does so, it has little effect on the convenience or practice of the parties.  All parties are required to file pleadings electronically.  All pleadings are docketed electronically.  And all parties can view, download, and print the pleadings electronically.  In

---

[1]Complaint (Doc. 1)

this district, there are no paper files in most civil cases; the file solely consists of the electronic

pleadings.  Thus, it matters not where the case is docketed.  Indeed, here, plaintiff filed the case

in Kansas City, it was assigned a Kansas City case number, the presiding district judge and the

assigned docket clerk are located in Topeka, and the presiding magistrate judge is located in

Kansas City.  To the extent this means that the case is docketed and maintained in Kansas City

or in Topeka, the Court denies defendant's request that the case be transferred to Wichita for

docketing and maintenance.[2]

Defendant also moves for the case to be designated or transferred to Wichita for trial.

Under Local Rule 40.2, "[t]he court shall not be bound by the requests for place of trial but may,

upon motion by a party, or in its discretion determine the place of trial."[3]  When considering

requests for intra-district transfer, the court looks to the factors relevant to change of venue

motions pursuant to 28 U.S.C. § 1404(a).[4]  While, on its face, § 1404 appears inapplicable, as

Kansas constitutes only one judicial district and division, § 1404(c) provides that "[a] district

court may order any civil action to be tried at any place within the division in which it is

pending."[5]  However, cases are generally not transferred between cities except for the most

compelling reasons.[6]

---

[2]Given the uneven case filings in the three divisions, and plaintiffs' right to file a case in any of the three divisions, it is not unusual for a case to be managed by district and magistrate judges in different divisions.  For example, the undersigned judge currently has several social security appeals that were filed in Kansas City, are being managed by a magistrate judge in Wichita, and will ultimately be ruled upon by the undersigned judge in Topeka.

[3]D. Kan. R. 40.2.

[4]*Wiggans v. Hartford Life & Accident Ins. Co.*, No. 02-2080-JWL, 2002 WL 731701, at *2 (D. Kan. Apr. 15, 2002); *Lavin v. Lithibar Co.*, No. 01-2174-JWL, 2001 WL 1175096, at *1 (D. Kan. Sept. 19, 2001).

[5]*Lavin,* 2001 WL 1175096, at *1 n.1.

[6]*See, e.g., Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

In a § 1404(a) analysis, a district court should consider the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may arise from congested dockets, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[7] The burden of proving that the existing forum is inconvenient lies with the moving party,[8] and a plaintiff's forum choice "should rarely be disturbed."[9]

Defendant offers that the parties, the parties' counsel, and the potential witnesses, including those employees or supervisors named in the Complaint, are all located in or near Wichita.  Further, plaintiff's claims arise out of his employment at defendant's manufacturing facility in Wichita, which is also the situs of plaintiff's employment records.  Although plaintiff's choice of forum is typically not disturbed except for the most compelling reasons, defendant has demonstrated that it would be burdensome on all concerned to hold the trial in Wichita.  Parties, counsel and perhaps witnesses alike would have to bear the expense of hotel and related expenses for overnight stay in Kansas City, as the distance between Wichita and Kansas City is some 190 miles.  Moreover, defendant posits, "the potential witnesses in the case, including plaintiff are important to defendant's production of aircraft, and having them miss that much work would be a substantial hardship to defendant."

Plaintiff counters that the witnesses are merely potential witnesses at this stage, and that without knowing how many of these potential witnesses will be actual witnesses, it is difficult to

---

[7] *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515–16 (10th Cir. 1991) (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1957))

[8] *Scheidt*, 956 F.2d at 965 (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

[9] *Id.*

weigh the burden on defendant, as well as the collective burden on the actual witnesses. Plaintiff also mentions in a footnote that "it is too early to tell if the plaintiff will be able to receive a fair trial in Wichita as defendant is an established employer with a reputation in Wichita. Plaintiff should be allowed the opportunity to scientifically test the community attitude and thus present the court with evidence to consider regarding this issue." Defendant cites to cases in this district that reject the proposition that a plaintiff in an employment action cannot get a fair trial in Wichita simply because the employer is based in Wichita. In any event, nothing precluded plaintiff from conducting such a test in the six months since he filed this action. And, nothing precludes plaintiff from conducting such a test in the future and seeking a transfer of trial out of Wichita, supported by evidence that he cannot receive a fair trial there.

Having weighed all of the relevant factors, the Court concludes that this case should be transferred to Wichita for trial, but not transferred there for docketing or pretrial maintenance.

**IT IS THEREFORE ORDERED** that defendant's Motion to Designate Wichita as the Place of Docketing, Maintenance, and Trial (Doc. 9) is **GRANTED IN PART AND DENIED IN PART**. The case will not be transferred for docketing or maintenance but will be transferred to Wichita for trial.

**IT IS SO ORDERED.**

Dated this 19th day of September, 2007.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

4